|  |  |
|---|---|
| MARQUESE D. COOPER, | No. 1:24-cv-00032-SAB (PC) |
| Plaintiff, | ORDER STRIKING UNSIGNED FIRST AMENDED COMPLAINT AND GRANTING PLAINTIFF LEAVE TO AMEND |
| v. |  |
| THE AIS CEWNTER AND OUTPATIENT SURGERY, et al., | (ECF No. 10) |
| Defendants. |  |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on January 8, 2024. On February 13, 2024, the Court screened Plaintiff's complaint, found no cognizable claims, and granted Plaintiff thirty days to file an amended complaint. (ECF No. 9.) Plaintiff filed a first amended complaint on March 11, 2024. (ECF No. 10.) However, for the reasons explained below, Plaintiff's first amended complaint is deficient and must be stricken from the record.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a

1  governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
2  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
3  "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that
4  "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. §
5  1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

6      A complaint must contain "a short and plain statement of the claim showing that the
7  pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not
8  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
9  conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell
10 Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate
11 that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v.
12 Williams, 297 F.3d 930, 934 (9th Cir. 2002).

13     Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings
14 liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d
15 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be
16 facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer
17 that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss
18 v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant
19 has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's
20 liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d
21 at 969.

22 **II.**
23 **DISCUSSION**
24     **A.**    **Signature Under Penalty of Perjury**
25     As an initial matter, Plaintiff's complaint is not signed under penalty of perjury as
26 required by the federal rules of civil procedure and local rules of this Court. Rule 11 of the
27 Federal Rules of Civil Procedure requires every pleading to be signed by at least one attorney of
28 record or by the filing party personally if the party is unrepresented. Fed. R. Civ. P. 11(a).

Additionally, Local Rule 131(b) provides: "All pleadings and non-evidentiary documents shall be signed by the individual attorney for the party presenting them, or by the party involved if that party is appearing in propria persona." L.R. 131(b).  Additionally, in the Court's first informational order, issued January 8, 2024, Plaintiff was advised: "Each document for filing must include the original signature of the filing party.  Local Rule 131; Fed. R. Civ. P. 11(a).  Documents submitted without the required signature may be stricken."  (ECF No. 3 at 2.)  Because the amended complaint is not signed by Plaintiff, the Court must strike it from the record.  Fed. R. Civ. 11(a).

### B. Federal Rule of Civil Procedure 8

Furthermore, the Court notes that Plaintiff did not utilize the amended civil rights complaint form that was provided to him, along with the Court's February 13, 2024, screening order.  (ECF No. 9.)  Rather, Plaintiff submitted a copy of the Court's February 13, 2024, screening order along with five pages of handwritten allegations titled Exhibits A through C.  (ECF No. 10.)  Plaintiff also attaches six pages of documents.  (Id.)

A complaint must comply with Rules 8(a) and 8(d) of the Federal Rule of Civil Procedure:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a) (emphasis added). Furthermore, "[e]ach allegation must be simple, concise, and direct. No technical form is required." Fed. R. Civ. P. 8(d)(1) (emphasis added). Although the Court must construe a pro se plaintiff's pleadings liberally, plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. See, e.g., Brazil v. U.S. Dep't of the Navy, 66 F.3d 193, 199 (9th Cir. 1995); McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991) (complaint must give defendants fair notice of the claims against them). If Plaintiff fails to clearly and concisely set forth allegations sufficient to provide Defendants with notice of which Defendant is being sued on which theory and what relief is being sought against them, the

1  complaint fails to comply with Rule 8.  See, e.g., McHenry v. Renne, 84 F.3d 1172, 1177-79 (9th
2  Cir. 1996); Nevijel v. Northcoast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981). Moreover,
3  failure to comply with Rule 8 constitutes an independent basis for dismissal of a complaint that
4  applies even if the claims in a complaint are not found to be wholly without merit. See McHenry,
5  84 F.3d at 1179; Nevijel, 651 F.2d at 673.

6        Plaintiff is advised that the use of the civil rights complaint form is intended to assist
7  incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.
8  It would benefit Plaintiff to fill out the civil rights complaint form and write out a complete
9  statement of his claim(s).  Plaintiff should not choose to bypass filing out the complaint form by
10  simply attaching the Court's prior screening order and exhibits as the Court will not read through
11  exhibits to piece together a claim for Plaintiff who has not pled one.  It is Plaintiff's obligation to
12  write out a complete statement of his claim in his amended complaint.  While Plaintiff may
13  submit exhibits, he must incorporate them by reference and the Court will not review each exhibit
14  independently to determine if Plaintiff states a cognizable claim.  See, e.g., Stewart v. Nevada,
15  No. 2:09-CV-01063, 2011 WL 588485, at *2 (D. Nev. Feb. 9, 2011) ("The Court will not comb
16  through attached exhibits seeking to determine whether a claim possibly could have been stated
17  where the pleading itself does not state a claim. In short, [Plaintiff] must state a claim, not merely
18  attach exhibits"); accord Jackson v. Covello, No. 3:19-CV-2444 JAH MDD, 2020 WL 6582659,
19  at *3 (S.D. Cal. Nov. 10, 2020).

20        **C.**    **Deliberate Indifference to Serious Medical Need**

21        Notwithstanding the procedural deficiencies, Plaintiff's factual allegations fail to give rise
22  to a cognizable claim for relief.

23        The Eighth Amendment's prohibition against cruel and unusual punishment protects
24  prisoners not only from inhumane methods of punishment but also from inhumane conditions of
25  confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v.
26  Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981))
27  (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and
28  harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at

1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Rhodes, 452 U.S. at 346.  Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).

To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety.  Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and a subjective prong.

First, the alleged deprivation must be, in objective terms, "sufficiently serious...." Farmer, 511 U.S. at 834. Second, the prison official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety...." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. This "involves a two-part inquiry." Thomas, 611 F.3d at 1150. "First, the inmate must show that the prison officials were aware of a 'substantial risk of serious harm' to an inmate's health or safety." Id. (quoting Farmer, 511 U.S. at 837). "This part of [the] inquiry may be satisfied if the inmate shows that the risk posed by the deprivation is obvious." Thomas, 611 F.3d at 1150 (citation omitted). "Second, the inmate must show that the prison officials had no 'reasonable' justification for the deprivation, in spite of that risk." Id. (citing Farmer, 511 U.S. at 844) ("[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably.").  Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost, 152 F.3d at 1128.

1  Plaintiff contends that Dr. Swafford said he was going to give Plaintiff a joint replacement
2  surgery, but instead provided a bone infusion. The mere fact that Dr. Swafford chose a different
3  treatment during the operative procedure does not amount to deliberate indifference. Indeed, as
4  stated in the medical report by Dr. Swafford, during the procedure it was noted that "[t]here was
5  no identifiable joint, both radial and ulnar. X-rays were then accomplished revealing that the joint
6  had autofused and there was no remaining joint left. Therefore, it was felt inappropriate to
7  proceed with a joint replacement in this 35 year old man. It was my impression he is better off
8  having the joint fused in an acceptable position which it is and therefore elected to not proceed any
9  further after that.…"  (ECF No. 10 at 13.)  Based on the medical report, it is clear that Dr.
10 Swafford made an informed medical judgment as to the appropriate treatment to provide during
11 the operative procedure. Plaintiff's disagreement with the actual treatment provided does not give
12 rise to a claim for deliberate indifference. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.
13 1981) ("A difference of opinion between a prisoner-patient and prison medical authorities
14 regarding treatment does not give rise to a 1983 [deliberate indifference] claim"); Rosado v.
15 Alameida, 497 F.Supp.2d 1179, 1188 (S.D. Cal. 2007) (a showing of nothing more than a
16 "difference of medical opinion as to the need to pursue one course of treatment over another is
17 insufficient, as a matter of law, to establish deliberate indifference") (citing Sanchez v. Vild, 891
18 F.2d 240, 242 (9th Cir. 1989)).

### III.

### CONCLUSION AND ORDER

21  Plaintiff's first amended complaint is deficient as it unsigned and must be stricken from
22 the record. Moreover, upon consideration of Plaintiff's allegations, the Court finds that the
23 amended complaint fails to state a cognizable Eighth Amendment claim. Plaintiff shall be granted
24 leave to file an amended complaint to cure the deficiencies identified in this order, if he believes
25 he can do so in good faith. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

26  Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what
27 each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556
28 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a

right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Finally, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.' ").

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's first amended complaint, filed on March 11, 2024 (ECF No. 10) is STRICKEN from the record;

2. The Clerk's Office shall send Plaintiff an amended civil rights complaint form;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff's amended complaint shall not exceed twenty-five (25) pages in length and must be signed under penalty of perjury; and

5. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated:  **March 25, 2024**

UNITED STATES MAGISTRATE JUDGE