UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUESE D. COOPER,<br><br>            Plaintiff,<br><br>      v.<br><br>THE AIS CENTER AND OUTPATIENT SURGERY, et al.,<br><br>            Defendants. | No.  1:24-cv-00032-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUGDE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH A COURT ORDER<br><br>(ECF No. 12) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on January 8, 2024.  (ECF No. 1.)  On February 13, 2024, the Court screened the complaint, found that Plaintiff failed to state a cognizable claim for relief, and granted Plaintiff thirty days to file an amended complaint.  (ECF No. 9.)  Plaintiff filed a first amended complaint on March 11, 2024.  (ECF No. 10.)  On March 25, 2024, the Court issued an order striking Plaintiff's first amended complaint for lack of signature and granted Plaintiff thirty days to file another amended complaint.[1]  (ECF No. 11.)  Plaintiff failed to fail an amended

---

[1] Consequently, the original complaint filed on January 8, 2024, remains the operative complaint.  (ECF No. 1.)

1

complaint or otherwise respond to the Court's order. Therefore, on May 6, 2024, the Court ordered Plaintiff to show cause why the action should not be dismissed for failure to state a cognizable claim for relief, failure to prosecute, and failure to comply with a court order (ECF No. 12.) Plaintiff has not responded to the order to show cause and the time to do so has passed. Accordingly, dismissal of the action is warranted.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d

at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

Prison officials acted with deliberate indifference to Plaintiff's serious medical and mental health needs. The failure to treat Plaintiff's finger resulted in significant injury and unnecessary and wanton infliction of pain. Defendants knew or should have known about Plaintiff's hand injury and failed to provide competent treatment.

## III.

## DISCUSSION

### A.  Federal Rule of Civil Procedure 8

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–57; Moss, 572 F.3d at 969.

Here, Plaintiff's complaint is short, but not a plain statement of his claims. Almost all of Plaintiff's allegations are conclusory legal statements of the law and fail to disclose specific facts as to what happened or when it happened. In an amended pleading, Plaintiff should state his key factual allegations without reference to legal conclusions. If Plaintiff files an amended complaint, it should be a short and plain statement of his claims, and must include factual allegations identifying what happened, when it happened and who was involved. Fed. R. Civ. P. 8.

### B.  Linkage Requirement

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or

1  other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d

2  1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006);

3  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  "Section 1983 is not itself a source of

4  substantive rights, but merely provides a method for vindicating federal rights elsewhere

5  conferred."  Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012)

6  (citing Graham v. Connor, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted).  To

7  state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal

8  connection, between each defendant's actions or omissions and a violation of his federal rights.

9  Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v.

10 Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

11     Plaintiff names Dr. Swafford, Dr. Winfred, Dr. Khuong and P.A. Chika, as Defendants in

12 the caption of the complaint, but he fails to link them to any affirmative act or omission giving

13 rise to an alleged constitutional violation.  As stated above, in order to state a cause of action

14 under section 1983 Plaintiff must link by way of causal connection each Defendants' action or

15 omission giving rise to the alleged violation of his constitutional rights.

16     **C.     AIS Cancer Center as Defendant**

17     "A private physician or hospital that contracts with a public prison system to provide

18 treatment for inmates performs a public function and acts under color of law for purposes of §

19 1983." George v. Sonoma Cnty. Sheriff's Dep't, 732 F. Supp. 2d 922, 934 (N.D. Cal. 2010)

20 (citing West v. Atkins, 487 U.S. 42, 56 n. 15 (1988); Lopez v. Dep't of Health Servs., 939 F.2d

21 881, 883 (9th Cir.1991)). In order to state a claim against private entities who have performed a

22 public function and have acted under color of law for purposes of § 1983, Plaintiff must allege

23 facts demonstrating that his constitutional rights were violated based upon a "policy, decision, or

24 custom promulgated or endorsed by the private entity." George, 732 F. Supp. 2d at 940; see also

25 Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 822 (7th Cir. 2009) (stating that, "like a

26 municipality, a private corporation can be liable if the injury alleged is the result of a policy or

27 practice, or liability can be demonstrated indirectly by showing a series of bad acts and inviting

28 the court to infer from them that the policy-making level of government was bound to have

1 noticed what was going on and by failing to do anything must have encouraged or at least
2 condoned the misconduct of subordinate officers"); McRorie v. Shimoda, 795 F.2d 780, 784 (9th
3 Cir. 1986) (to state an official capacity claim under section 1983, a plaintiff must allege that the
4 official was acting pursuant to a policy or custom).

5 Plaintiff names AIS Cancer Center as a Defendant.  However, a private employer, such as
6 Defendant AIS Cancer Center, cannot be held liable under § 1983 simply for employing an
7 individual who deprived another person of their civil rights. George, 732 F. Supp. 2d at 939-40.
8 Further, Plaintiff has not alleged any facts by which the Court could reasonably infer that
9 Plaintiff's constitutional rights were violated based upon a policy, decision, or custom
10 promulgated or endorsed by Defendant AIS Cancer Center.  Id. at 940. Consequently, Plaintiff
11 has not stated a cognizable § 1983 claim against Defendant AIS Cancer Center.

### D.   Deliberate Indifference to Serious Medical Need

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Rhodes, 452 U.S. at 346. Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).

To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety.  Farmer v. Brennan,

511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and a subjective prong.

First, the alleged deprivation must be, in objective terms, "sufficiently serious...." Farmer, 511 U.S. at 834. Second, the prison official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety...." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. This "involves a two-part inquiry." Thomas, 611 F.3d at 1150. "First, the inmate must show that the prison officials were aware of a 'substantial risk of serious harm' to an inmate's health or safety." Id. (quoting Farmer, 511 U.S. at 837). "This part of [the] inquiry may be satisfied if the inmate shows that the risk posed by the deprivation is obvious." Thomas, 611 F.3d at 1150 (citation omitted). "Second, the inmate must show that the prison officials had no 'reasonable' justification for the deprivation, in spite of that risk." Id. (citing Farmer, 511 U.S. at 844) ("[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably."). Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost, 152 F.3d at 1128.

As an initial matter, Plaintiff fails to describe and/or explain the condition of his hand/finger to determine whether it was an "objectively" serious medical condition in need of immediate treatment. In addition, although Plaintiff claims that he was not provided medical treatment for his hand/finger, he fails to link any Defendant to an affirmative act or omission regarding his medical treatment. Accordingly, Plaintiff fails to state a cognizable claim for relief.

### IV.

### FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE

Here, the Court screened Plaintiff's complaint, and on February 13, 2024, an order issued providing Plaintiff with the legal standards that applied to his claims, advising him of the deficiencies that needed to be corrected, and granting him leave to file an amended complaint within

thirty days. (ECF No. 9.) After Plaintiff's first amended complaint was stricken from the record for lack of signature, on March 25, 2024, the Court ordered Plaintiff to file another amended complaint within thirty days. (ECF No. 11.) Plaintiff did not file an amended complaint or otherwise respond to the Court's March 25, 2024 order. Therefore, on May 6, 2024, the Court ordered Plaintiff to show cause within fourteen (14) days why the action should not be dismissed. (ECF No. 12.) Plaintiff failed to respond to the May 6, 2024 order and the time to do so has passed.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

7

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226. Plaintiff was ordered to file an amended complaint within thirty days of March 25, 2024 and has not done so. Plaintiff's failure to comply with the order of the Court by filing an amended complaint hinders the Court's ability to move this action towards disposition. This action can proceed no further without Plaintiff's compliance with the order and his failure to comply indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. In order for this action to proceed, Plaintiff is required to file an amended complaint curing the deficiencies in the operative pleading. Despite being ordered to do so, Plaintiff did not file an amended complaint or respond to the order to show cause and this action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. The Court's March 25, 2024, order requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed." (ECF No. 11) In addition, the Court's May 6, 2024, order to show cause specifically stated: "Failure to comply with this order will result in a recommendation to dismiss this action for failure to state a cognizable claim for relief, failure to prosecute, and failure to comply with a court order." (ECF No. 12.) Thus, Plaintiff had adequate warning that dismissal would result from her noncompliance with the Court's order.

**V.**

**ORDER AND RECOMMENDATION**

The Court has screened Plaintiff's complaint and directed Plaintiff to file an amended complaint within thirty days. Plaintiff has failed to comply with the Court's order to file an amended and has not responded to the Court's order to show why the action should not be dismissed. In considering the factors to determine if this action should be dismissed, the Court finds that this action should be dismissed for Plaintiff's failure to obey the March 24, 2024 and May 6, 2024 orders, failure to prosecute this action, and failure to state a cognizable claim for relief.

Accordingly, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to comply with a court orders, failure to prosecute, and failure to state a cognizable claim for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 30, 2024**

UNITED STATES MAGISTRATE JUDGE